IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

MARCO SABILLION

Plaintiff,

VS.                                               No. 2:15-cv-02748-SHM-cgc

CITY OF MEMPHIS, TENNESSEE,
CITY OF MEMPHIS ALCOHOLC COMMISSION,
BILLY POST, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, BARRY CHASE IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, SHERMAN GREER
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, ERMA HAYSLETT, IN HER INDIVIDUAL
AND OFFICIAL CAPACITY, JARED JOHNSON, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY,
WAYNE WEST, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY,  EUGENE BRYAN,
HIS INDIVIDUAL AND OFFICIAL CAPACITY,
AND, AFRICA GONZALEZ-McCLOY

MEMORANDUM IN SUPPORT OF VERIFIED MOTION FOR RESTRAINING ORDER

I.    INTRODUCTION

This civil action arises out of the City of Memphis, Tennessee Alcohol Commission December 16, 2015 hearing on Marco Sabillon's beer permit.  Mr. Sabillon is a legal permanent resident and of Hispanic origin.   The City's anticipated attempt to apply Ordinance § 7-4-5 to deny Mr. Sabillon the permit will be a violation of the Equal Protection Clause and 42 USC §1981.   A temporary restraining order is appropriate to prevent the Commission from utilizing this ordinance when a similarly situated retailer [Walgreens] sells beer with impunity in

violation of Ordinance § 7-4-5 but for a waiver from the City.

## II.     FACTS

1. Plaintiff, Marco Sabillon filed this civil action on November 18, 2015 in anticipation of applying for an off-premises beer permit.   [DE 1].

2. Plaintiff filed his permit and supporting documents with the Defendant City of Memphis Alcohol Commission and City of Memphis, Tennessee on December 3, 2015.   A copy of the receipt for the filing is attached as Exhibit A[1].  A copy of the beer permit survey is attached as Exhibit B.  A copy of Notice to the Public is attached as Exhibit C.   Plaintiff's hearing before the commission is set for December 16, 2015.

3. Prior to November 2015, Plaintiff owned and operated Guadalaupe. It became apparent in early October to November 2015 that Plaintiff must obtain a beer permit to remain operational at his current location.  Plaintiffs clientele or customers are mainly Hispanic.   Hispanic customers will not buy groceries unless they can purchase beer at the same location.

4. Plaintiff has invested all of his resources in opening and operating Guadalaupe and will have to close immediately if the Memphis Alcohol Commission denies a beer permit.

5. Plaintiff has learned that the previous owner, an Colombian legal resident at the time,  had to close his business because the Memphis Alcohol commission denied him a off-premises beer permit by relying upon  Ordinance § 7-

2

4-5 and Alcohol Commission Rules B, 2 and 3 due the proximity to Memorial Methodist United Church and other facilities.

6. At the same time, Walgreens is located adjacent to Grimes Memorial Methodist United Church and other facilities and sells beer pursuant to an off-premises permit.

7. The beer permit survey indicates that the only restriction to the Alcohol Commission granting the beer permit is that the Grimes Memorial Methodist United Church is located in the restricted area.

III. ANALYSIS

1. Marco Sabillon is a member of a suspect class.

In *Keyes v. School District No. 1, Denver, Colo.,.* 413 US 189, 197 (1973) the United States Supreme Court held that Hispanics are members of a suspect class. In *Clark v. Jeter*, 486 US 456, (1988), the United States Supreme Court held that national origin is a suspect category. In LULAC v. Bredesen, 500 F.3d 523 (6th Cir. 2007), the Sixth Circuit Court of Appeals held that legal permanent residents are entitled to the protections of the Equal Protection Clause.

2. The City of Memphis, Tennessee Alcohol Commission will violate the Equal Protection Clause when it applies ordinance Ordinance § 7-4-5 to deny Marco Sabillon a beer permit.

In *Club Italia Soccer & Sports Organization, Inc., v. Charter Township of Shelby, Michigan*, 470 F.3d 206 (6th Circuit), the Sixth Circuit Court of Appeals

---

[1] All exhibits referenced herein are attached to the Verified Motion. [DE 10].

held equal protection is implicated when a statute or ordinance uniquely impacts a suspect class. Similarly situated individuals are treated in a disparate manner. *Gillard v. Norris*, 857 F. 2d 1095, 1100-1101 (6th Cir. 1988). In these circumstances, strict scrutiny applies. *37712, Inc., v. Ohio Department of Liqour Control*, 113 F.3d 614, 621 (6th Cir. 1987).

Applying the foregoing principles, when the City of Memphis, Tennessee Alcohol Commission denies Sabillon a beer permit but awards Wal-Mart a waiver due to the proximity to the church this constitutes a violation of equal protection.

3. <u>Marco Sabillon is protected by the 42 USC §1981</u>

§ 1981 by its plain terms applies to all persons. *Sud v. Import Motors Limited*, 379 F.Supp. 1064 (W.D. Mich 1974). In *St Francis v. Al-Kharzraj*, 481 US 604, 613 (1987), the United States Supreme Court extended § 1981 protection to National Origin Claims.

Applying the foregoing principles, when the City of Memphis, Tennessee Alcohol Commission denies Sabillon a beer permit but awards Wal-Mart a waiver due to the proximity to the church this constitutes a violation of equal protection.

4. <u>Marco Sabillon is entitled to a restraining order</u>.

In *Planet Aid v. City of Johns*, 782 F3d 318 (6th Cir. 2015), the Sixth Circuit held that the four factors to evaluate a request for a preliminary injunction are: (a) strong likelihood of success on merits (b) irreparable harm (c) granting the injunction would not outweigh the harm to the Defendants (d) Public Interest.

4

All a stong likelihood requires is for the Plaintiff to raise questions about the merits. *Id.* Moreover, the City will have the burden of proof. Irreparable harm is established by the closing of Marco Sabillon. *In-Sun Cho. v. ITCO, Inc.*, 782 F.Supp. 1183 (E.D. Tex 1991); Granting the restraining an order will not outweigh the potential arm. The public has a great interest in the remedial application § 1981 and its attendant statutes. *In-Sun Cho*

IV. Conclusion

Plaintiff is entitled to an order restraining the City of Memphis Alcohol Commission from denying his beer permit application in violation of the Equal Protection Clause and § 1981.

Respectfully Submitted,

/s/ DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ.**
**(BPR 022601)**
119 South Main, Suite 500
Memphis, Tennessee 38103
Telephone: (901) 322-8706
Fax: (901) 881-0316
e-mail: attorneyberkley@gmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Mr. Roane Waring, Esq.
City of Memphis, Tennessee
Roane.waring@memphistn.gov

5

Attorneys for the City of MEmphis

This the 15th day of December 2015

/s/ Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**