# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MARCO SABILLON,**

   **Plaintiff,**

**v.**              No. 2:15-cv-02748-STA-cgc

**CITY OF MEMPHIS,**
**et al.,**

   **Defendants.**

---

## ORDER GRANTING MOTION TO DISMISS
## OF DEFENDANT CITY OF MEMPHIS

---

  On November 18, 2015, Plaintiff filed a Complaint for Declaratory Relief (ECF No. 1), seeking Court intervention regarding a beer permit application that Plaintiff intended to submit. Plaintiff filed his action pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Plaintiff sued the City of Memphis, the City of Memphis Alcohol Commission ("Alcohol Commission"), and the Board Members of the Alcohol Commission in their official and individual capacities. The City of Memphis and the Alcohol Commission are the only defendants who have been served with process. (ECF Nos. 8, 9.)

  On December 14, 2015, Plaintiff filed a Motion for Restraining Order (ECF No. 10), asking the Court to enjoin the Alcohol Commission from denying his prospective application for a beer permit for any discriminatory reason. After a hearing was set (ECF No. 13), Plaintiff filed a Notice of Withdrawal of Motion for Temporary Restraining Order. (ECF No. 14.) In the Notice, Plaintiff stated that his previous motion was moot because the Alcohol Commission had approved his beer permit application. (*Id.*)

Defendant City of Memphis has filed a Motion to Dismiss on the ground that the entire action is now moot based on Plaintiff's statements in his Notice of Withdrawal. (ECF No. 18.) Plaintiff has not responded to the Motion. For the reasons set forth below, Defendant's Motion is **GRANTED**.

In *Bell Atl. Corp. v. Twombly*,[1] the Supreme Court clarified what a plaintiff must plead in order to survive a Rule 12(b)(6) motion to dismiss. The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2] Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.[3] To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.[4] Indeed, "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."[5] However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[6]

Article III of the Constitution "confines the power of the federal courts to adjudication of

---

[1] 550 U.S. 544 (2007).

[2] *Id.* at 555.

[3] Id.

[4] *Id.* at 556.

[5] *Id.*

[6] *Id.* at 570.

"cases" or "controversies,"⁷ thus, the "mootness doctrine ... demands a live case-or-controversy when a federal court decides a case."⁸ Accordingly, in an action seeking declaratory judgment, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and it must be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."⁹ "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."¹⁰

In the present case, as noted by Defendant City of Memphis, there is no longer a live case or controversy between the parties. Plaintiff filed his lawsuit to prevent the denial of his application for a beer permit by the Alcohol Commission for discriminatory reasons. Plaintiff acknowledged in his Notice of Withdrawal (ECF No. 14) that his application was granted on December 16, 2015, which nullifies any claim of discriminatory treatment or other injury set forth in his complaint.¹¹

Because there is no longer a live case or controversy under Article III, Defendant's

---

⁷ *Ky. Right to Life v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997).

⁸ Id.

⁹ *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 604 (2007).

¹⁰ Id.

¹¹ In ruling on a Motion to Dismiss, a court may consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Motion to Dismiss the entire action is **GRANTED**.

    **IT IS SO ORDERED**.

                                                                 **s/ S. Thomas Anderson**
                                                                  S. THOMAS ANDERSON
                                                                  UNITED STATES DISTRICT JUDGE

                                                                  Date:   February 2, 2016.